**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA NOEMI ARCHILA-MENDEZ, | No. 15-70158 |
| Petitioner, | |
| v. | Agency No. A206-716-613 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:    SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Sandra Noemi Archila-Mendez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

asylum and withholding of removal.  Our jurisdiction is governed by 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Archila-Mendez did not establish past persecution or a well-founded fear of future persecution on account of her membership in a social group of HIV positive women. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (being "teased, bothered, discriminated against and harassed," absent physical harm, did not compel finding of past persecution); *see also Castro-Martinez v. Holder*, 674 F.3d 1073, 1077-78 (9th Cir. 2011) (no well-founded fear of persecution based on petitioner's HIV positive status). Substantial evidence also supports the agency's determination that Archila-Mendez did not establish past persecution or a well-founded fear of future persecution on account of her resistance to gang members' attempts to involve her in an extortion scheme. *See Gu v. Gonzalez*, 454 F.3d 1014, 1021-22 (9th Cir. 2006) (petitioner failed to present compelling, objective evidence demonstrating a well-founded fear of persecution). We lack jurisdiction to consider Archila-Mendez's contention that she will be persecuted on account of her membership in a particular social group of Guatemalan women because she did

not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Thus, we deny the petition as to Archila-Mendez's asylum claim.

Because Archila-Mendez failed to establish eligibility for asylum, her withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190 (petitioner's burden of proof for withholding of removal is more demanding than asylum).

Finally, we lack jurisdiction over any challenge Archila-Mendez makes to the BIA's denial of her motion to reopen because she did not file a petition for review of that order. *See Andia v. Ashcroft*, 359 F.3d 1181, 1183 (9th Cir. 2004). We also lack jurisdiction to consider Archila-Mendez's contention that she had inadequate time to prepare her case before the IJ because she failed to raise this argument to the BIA. *See Barron*, 358 F.3d at 677-78.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**